# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **STACEY CARTER** | **CIVIL ACTION NO. 19-357-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **SHREVEPORT POLICE CHIEF, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Stacey Carter ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 18, 2019. Plaintiff was incarcerated in the Texas Department of Criminal Justice-Byrd Unit in Huntsville, Texas, when he filed this complaint. He claimed his civil rights were violated by prison officials at the Shreveport City Jail and the Caddo Correctional Center in Shreveport, Louisiana. Plaintiff names the Shreveport Police Chief, Ms. Adam, Ms. Anderson, Mr. McCray, Supervisor Brown, Mr. Jones, Mr. Hearld, Ms. Taylor, Jailor Brown, Ms. Mays, Ms. Player, and Mr. Lister as defendants.

Plaintiff was ordered on March 29, 2019, to file, within 30 days of the service of the order, an amended complaint (Doc. 7). On April 9, 2019, Plaintiff filed a notice of change of address. On April 11, 2019, the Clerk of Court sent the March 29, 2019 order to Plaintiff at his updated address. To date, Plaintiff has not filed an amended complaint.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket.  See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1982).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 2nd day of July 2019.

Mark L. Hornsby
U.S. Magistrate Judge